UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LONNIE JEROME GOODE,<br><br>Defendant. | Criminal No. 10-0114 (PLF) |

OPINION AND ORDER

This matter is before the Court on the motion of the defendant, Lonnie Jerome Goode, to reduce his sentence under 18 U.S.C. § 3582(c)(2). Upon consideration of the parties' papers, the relevant legal authorities, and the entire record in the case, the Court will deny the motion.[1]

I. BACKGROUND

On May 25, 2010, Mr. Goode pled guilty to one count of unlawful possession with the intent to distribute a mixture and substance containing more than five grams of cocaine base or crack, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii). Plea at 1. As part of the plea agreement, the government agreed that Mr. Goode would receive a three-level downward adjustment in his offense level for his acceptance of responsibility. Id. at 2. The parties projected that Mr. Goode would be subject to a base offense level of 34 if deemed a career

[1] The papers reviewed in connection with the pending motion include: the plea agreement ("Plea") [Dkt. No. 11]; the presentence investigation report ("PSR") [Dkt. No. 14]; the defendant's motion ("Mot.") [Dkt. No. 33]; the government's opposition ("Opp'n") [Dkt. No. 36]; the defendant's reply ("Reply") [Dkt. No. 38]; and the sentencing transcript ("Tr.") [Dkt. No. 37].

offender or, if not considered a career offender under the relevant guidelines, a base offense level of 25. Id. The plea agreement recognized that "[t]he guidelines range is [ ] advisory and the court does not have to impose a sentence within that range[,]" although the Court "does have to impose a sentence of at least the statutory mandatory minimum of five years in prison." Id. In addition, the plea agreement noted that the Court could conclude that the crack cocaine guidelines were unfair, and that "the court may elect to apply those findings." Id. at 2-3.

Mr. Goode was sentenced on September 29, 2010. Tr. at 1. At the sentencing hearing, the parties disagreed as to whether Mr. Goode qualified as a career offender. Id. at 2-6; see also PSR at 3 ("[Mr. Goode] may qualify as a career criminal."). The Court reluctantly concluded, based on Mr. Goode's prior convictions and application of the Sentencing Guidelines, that Mr. Goode was a career offender. Tr. at 6-7, 11. Under the career offender guidelines, Mr. Goode's offense level was 34 and his Criminal History was VI, making his sentencing range 188 to 235 months. Id. at 11-13. The Court then found under Section 4A1.3 of the Sentencing Guidelines that Criminal History VI clearly overstated Mr. Goode's actual criminal history. Id. at 11-12. The Court therefore considered a downward departure under Section 4A1.3(b) of the Guidelines. Id. at 12, 14. Such a departure would allow for a one-level reduction in Mr. Goode's criminal history category, resulting in a guidelines sentencing range of 168 to 210 months. Id.

"[G]iven [Mr. Goode's] lack of criminal history in the last 13 years," Tr. at 12, the Court then explored the possibility afforded to it under United States v. Booker, 543 U.S. 404 (2005), of not applying either the career offender guidelines sentencing range or the guidelines sentencing range that resulted after any departure under Section 4A1.3(b). Tr. at 14. The Court noted that without factoring in the career offender guidelines and just adding up the criminal history points, Mr. Goode's sentence for the crack offense would be determined by a total offense

level of 25 and a Criminal History category of III, yielding a sentencing range of 70 to 87 months. Id. at 12.

The Court also noted that it had been applying a 20-to-1 crack cocaine-to-powder cocaine ratio as a matter of policy, see, e.g., United States v. Burnette, 587 F. Supp. 2d 163 (D.D.C. 2008), and that Congress recently had enacted an 18-to-1 ratio in the Fair Sentencing Act ("FSA"). Tr. at 12-13. Applying either an 18-to-1 or a 20-to-1 ratio while ignoring the career offender guidelines would give Mr. Goode a total offense level of 23, a Criminal History category of III, and a sentencing range of 57 to 71 months. Id. at 13. In explaining its thinking, the Court stated that it was not "actually doing a guidelines calculation," but rather was establishing "some sort of parameters" to justify a particular sentence after varying from the Guidelines under Booker and Kimbrough v. United States, 552 U.S. 85 (2007). Tr. at 13. Ultimately, the Court imposed a sentence of 68 months' imprisonment for the reasons explained in detail at sentencing. Id. at 28.

Shortly after Mr. Goode was sentenced, the United States Sentencing Commission promulgated a temporary amendment to the Sentencing Guidelines that lowered the guidelines sentencing ranges for crack offenses, commensurate with the FSA. See Davis v. United States Sentencing Comm'n, --- F.3d ----, 2013 WL 2302542, at *1 (D.C. Cir. 2013); United States v. Dunn, 856 F. Supp. 2d 90, 91 (D.D.C. 2012) (discussing Amendment 750); United States v. Hilliard, Cr. No. 05-175, 2012 WL 425968, at *3 (W.D. Pa. Feb. 9, 2012) (same). The Sentencing Commission re-promulgated the amendment and made it permanent on April 6, 2011. U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 750 (supp. 2011) (effective Nov. 1, 2011); see also Davis v. United States Sentencing Comm'n, 2013 WL 2302542, at *1; United States v. Dunn, 856 F. Supp. 2d at 91. On June 30, 2011, the Commission issued Amendment

759 to the Guidelines, which made Amendment 750 retroactive. U.S. SENTENCING GUIDELINES MANUAL app. C, amend. 759 (supp. 2011) (effective Nov. 1, 2011).

Mr. Goode has filed a motion under 18 U.S.C. § 3582(c)(2) to reduce his sentence from 68 months to the mandatory minimum sentence of 60 months. Mot. at 1. Mr. Goode claims that "[b]ecause the Court based Mr. Goode's sentence on the crack cocaine guideline range, not the career offender guideline range, the Court is authorized to reduce his sentence" pursuant to Amendment 750. Id. at 2. He also contends that a reduction of his sentence would be consistent with applicable policy statements by the Commission, as properly construed in accordance with the Supreme Court's decision in Freeman v. United States, 131 S. Ct. 2685 (2011). The government counters that Section 1B1.10, a policy statement issued by the Commission, provides that a defendant's sentence may be reduced only if the "applicable guideline range" has been subsequently amended. The government contends that the "applicable guideline range" in this case is the career offender guideline range, regardless of whether the Court varied from these guidelines, and notes that the career offender guidelines have not been amended. Opp'n. at 1, 4-5.

## II. DISCUSSION

A district court does not have inherent authority to modify a sentence once it has been imposed. Dillon v. United States, 130 S. Ct. 2683, 2687 (2010). 18 U.S.C. § 3582(c)(2) provides a "narrow exception to [that] rule of finality." Id. at 2692; see also United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Under that statute, the Court may modify a sentence only when the defendant was sentenced to a term of imprisonment based on a sentencing range that subsequently has been lowered. Dillon v. United States, 130 S. Ct. at 2687

(citting 18 U.S.C. § 3582(c)(2)). "To be eligible for a sentence modification under 18 U.S.C. § 3582(c)(2), a defendant must show (1) that he was initially sentenced 'based on a sentencing range that has subsequently been lowered' by the Sentencing Commission; and (2) that the reduction is 'consistent with applicable policy statements issued by the Sentencing Commission.'" United States v. Sweet, 756 F. Supp. 2d 94, 95-96 (D.D.C. 2010) (quoting United States v. Berry, 618 F.3d 13, 16 (D.C. Cir. 2010)); see also Dillon v. United States, 130 S. Ct. at 2687 (citing 18 U.S.C. § 3582(c)(2)).

*A. "Based on" a subsequently lowered sentencing range*

This circuit has declined to extend Section 3582(c)(2) relief to crack offenders sentenced under the career offender guidelines, concluding that career offenders' sentences are not "based on" the subsequently amended crack cocaine guidelines. See United States v. Tepper, 616 F. 3d 583, 585-87 (D.C. Cir. 2013) (defendant ineligible for Section 3582(c)(2) sentencing modification because sentence based on career offender status); United States v. Berry, 618 F.3d 13, 18 (D.C. Cir. 2010) (denying Section 3582(c)(2) motion because defendant was subject "to the career-offender range, and not the non-career range"); see also United States v. Sweet, 756 F. Supp. 2d at 96 (rejecting Section 3582(c)(2) motion because defendant's sentence was based on career offender guidelines rather than on crack cocaine guidelines); United States v. King, Crim. No. 00-340, 2010 WL 5394907, at *2 (D.D.C. Dec. 23, 2010) (denying Section 3582(c)(2) relief to defendant sentenced under the career offender provisions of the Guidelines). Thus, had the Court based Mr. Goode's sentence solely on the career offender guidelines, Mr. Goode would have no argument for relief.

In this case, the Court found that Mr. Goode was technically a career offender under the Guidelines and that, because the Guidelines overstated his actual criminal history, a Criminal History category departure under Section 4A1.3(b) of the Guidelines would be appropriate. In the Court's view, however, the resulting guideline sentencing range was still higher than necessary to meet the legitimate goals of sentencing. See 18 U.S.C. § 3553(a). The Court therefore varied from the Guidelines under Booker. See Tr. at 11-15. As noted above, the Court considered applying, *but ultimately declined to apply*, the crack cocaine guidelines without the career offender enhancement. Instead, the Court based its calculation on what Mr. Goode's guideline sentencing range might have been if the Court applied a 20-to-1 or 18-to-1 crack cocaine-to-powder cocaine ratio. See supra at 2-3.

Congress passed the FSA in August 2010 with its 18-to-1 crack-to-powder ratio and made it retroactive to defendants like Mr. Goode who were sentenced after the Act's effective date. See Dorsey v. United States, 132 S. Ct. 2321, 2335-36 (2012). The corresponding Sentencing Guidelines changes, however, were not promulgated until after Mr. Goode's sentencing. See supra at 3. Thus, the new statutory changes of the FSA applied to Mr. Goode at the time of his sentencing, but the new Guideline amendments were not yet in effect.

In fashioning the parameters of a fair sentence in this case, the Court looked to its own previously announced 20-to-1 crack-to-powder policy and to the FSA's 18-to-1 crack-to-powder ratio. It determined that under either ratio Mr. Goode would have been subject to a sentencing range of 57 to 71 months as opposed to the existing crack guidelines sentencing range for a non-career offender with Mr. Goode's history of 70 to 87 months. Tr. at 13. The Court then varied from the Guidelines and imposed a sentence based in part on a policy view of what

the crack guidelines *should have been* at the time of sentencing. Cf. United States v. Garris, 591 F. Supp. 2d 54, 56 (D.D.C. 2008). Although the Court did not make an explicit connection between the lower ratios it used and the final sentence of 68 months it imposed, the sentence followed a decision to vary from the Guidelines. The sentence clearly fell outside of the then-applicable guidelines sentencing range for the crack offense. See Tr. at 13, 28.

In light of the foregoing, the Court is not convinced that Mr. Goode's sentence is "based on" the subsequently amended crack guidelines. The D.C. Circuit has held that the term "based on" should be construed broadly, deeming a sentence to be "'based on' a guideline range 'to whatever extent' that range 'was a relevant part of the analytic framework the judge used to determine the sentence or to approve the agreement.'" In re Sealed Case, --- F.3d ----, 2013 WL 3305706, at *2 (D.C. Cir. 2013) (quoting Freeman v. United States, 131 S. Ct. at 2692-93); see also United States v. Epps, 707 F.3d 337, 346 n.5 (D.C. Cir. 2013). In determining the defendant's sentence in this case, the Court began by departing from the career offender guidelines, stopped along the way to consider the non-offender crack guidelines, and concluded by applying the Court's policy-based view of what the non-career offender crack guidelines *should have been*. It seems a stretch to say that the non-career crack guidelines, which the Court briefing considered and then rejected, constituted "a relevant part of the analytic framework" used to determine Mr. Goode's sentence.

But the Court need not determine whether there was a sufficient nexus between the crack guidelines and Mr. Goode's sentence. Even assuming that the sentence was "based on" these guidelines, Mr. Goode's motion must be denied for a different reason: such a reduction would be plainly inconsistent with a policy statement issued by the Commission.

*B. Consistency with Applicable Policy Statements*

As noted, in order to receive the relief provided by 18 U.S.C. § 3582(c)(2) – a modification of one's sentence – a defendant must show *both* that his sentence was "based on" a sentencing range subsequently lowered by the Sentencing Commission, *and* that the reduction is "consistent with applicable Commission policy statements." 18 U.S.C. § 3582(c)(2); see Dillon v. United States, 130 S. Ct. at 2687. Here, both the government and Mr. Goode agree that a reduction of Mr. Goode's sentence would be inconsistent with one such policy statement, Section 1B1.10 of the Guidelines, as construed by the Commission. Mr. Goode argues, however, that the Commission's construction is erroneous.

Section 1B1.10 provides that if "the guideline range applicable to that defendant has subsequently been lowered" the defendant may be eligible for a Section 3582(c)(2) sentence modification. U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(1) (2012). It also states that a reduction is not consistent with the policy statement if the Guideline amendment "does not have the effect of lowering the defendant's applicable guideline range." U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(a)(2)(B). Several circuit courts, including the D.C. Circuit, had interpreted the term "applicable guideline range" as meaning the range that would result from a straightforward application of the Sentencing Guidelines, excluding departures or variances. See United States v. Berry, 618 F.3d at 16-18 (citing United States v. Corber, 596 F.3d 763, 768 (10th Cir. 2010)); United States v. Blackmon, 584 F.3d 1115, 1116 (8th Cir. 2009). Under this interpretation, a defendant initially determined to be a career offender is barred from obtaining a reduction under Section 3582(c)(2), even if the sentencing court had departed from those

guidelines at sentencing and applied the non-career crack guidelines instead. United States v. Berry, 618 F.3d at 17-18.

After a circuit split arose on this issue, the Commission published an Application Note in 2011 expressly adopting the interpretation articulated by the D.C. Circuit. See U.S. SENTENCING GUIDELINES MANUAL § 1B1.10, cmt. n.1(A) (2012) (stating that the term "applicable guideline range" should be understood as the guideline range "determined *before* consideration of any departure provision in the Guidelines Manual or any variance") (emphasis added); see also In re Sealed Case, 2013 WL 3305706, at *7 (discussing Application Note).

Mr. Goode argues that the Commission's interpretation of the term "applicable guideline range," as set forth in the Application Note, is inconsistent with 18 U.S.C. § 3582(c), as that statute was interpreted by the Supreme Court in Freeman v. United States, 131 S. Ct. 2685. Reply at 2-9. He asserts that under Freeman, the non-career crack guideline sentencing range is his "applicable guideline range." He also contends that the Sentencing Commission's Application Note is arbitrary and capricious, and violative of the Ex Post Facto Clause, separation of powers principles, and applicable notice-and-comment requirements. Id. at 9-34.

Mr. Goode's statutory argument is foreclosed by Berry, which made clear that where a defendant is deemed to be a career offender, the "applicable guideline range" referenced in Section 1B1.10 is the career offender guideline range, even if the defendant received a sentence within the non-career guideline range. United States v. Berry, 618 F.3d at 16-18. Nothing in Freeman alters this result. In Freeman, the Supreme Court considered Section 3582's "based on" requirement; it did not address the statute's independent requirement that a reduction be consistent with the Commission's policy statements. As Judge Williams recently noted,

"Berry is the law of the circuit." United States v. Duvall, 705 F.3d 479, 489-90 (D.C. Cir. 2013) (Williams, J., concurring). The Application Note merely confirms the holding of the D.C. Circuit in Berry.

Mr. Goode's remaining arguments therefore miss the point. Even if the Application Note were deemed invalid for any of the reasons suggested by the defendant – as arbitrary and capricious, as inconsistent with separation-of-powers principles or notice-and-comment procedures, or as violative of the Ex Post Facto Clause – the defendant still would be barred from obtaining relief under Berry.[2]

Because the Court finds that a reduction of Mr. Goode's term would be inconsistent with Section 1B1.10(a)(1), it must deny the motion.

For the reasons discussed above, it is hereby

ORDERED that Mr. Goode's Motion to Reduce Sentence [Dkt. No. 33] is DENIED.

SO ORDERED.

/s/____________________________
PAUL L. FRIEDMAN
United States District Judge

DATE: July 11, 2013

---

[2] Courts have been skeptical of similar objections to policy statements issued by the Commission. See, e.g., United States v. Erskine, 717 F.3d 131, 2013 WL 2249166, at *6-9 (2d Cir. 2013) (rejecting separation-of-powers and notice-and-comment challenges to Section 1B1.10); United States v. Colon, 707 F.3d 1255, 1258-61 (11th Cir. 2013) (rejecting Ex Post Facto Clause, separation-of-powers, and notice-and-comment challenges to Section 1B1.10); United States v. Berberena, 694 F.3d 514, 526-27 (3d Cir. 2012); United States v. Anderson, 686 F.3d 585, 590 (8th Cir. 2012); United States v. Fox, 631 F.3d 1128, 1131 (9th Cir. 2011); United States v. Dryden, 563 F.3d 1168, 1170-71 (10th Cir. 2009).